In the Matter of JOSEPH MEEHAN (Admitted as JOSEPH MICHAEL MEEHAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 6, 1989

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for petitioner.

*Kressel, Rothlein & Roth (Stephen Kressel* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on March 18, 1970, under the name Joseph Michael Meehan.

The Special Referee sustained the one charge of professional misconduct that alleged that the respondent neglected the duties and obligations imposed upon him as the executor and attorney for an estate. The petitioner moves to confirm the report of the Special Referee, and the respondent submits an affirmation in response thereto.

The testatrix died on March 12, 1978, leaving a will appointing the respondent as executor of her estate. At the time of death, the testatrix had two bank accounts containing a total of $2,984.15, which, according to the terms of her will, was to be divided between her two sisters. Shortly thereafter, the respondent advised these beneficiaries that it would take several months to settle the estate.

The sisters telephoned respondent several times each year thereafter to determine the status of the matter, but the respondent failed to return the calls or provide the information requested. In or about April 1982 the beneficiaries retained an attorney to represent them in their dealings with the respondent. The respondent failed to respond to many letters and telephone calls from the beneficiaries' attorney. Finally, on August 13, 1982, the respondent sent waiver and consent forms to the beneficiaries' attorney which were duly executed and returned to the respondent within one week. The respondent then failed to respond to four additional letters from the beneficiaries' attorney which were sent to the respondent during the period from October 1982 to March 1983.

In June 1983 the beneficiaries' attorney complained by letter to the petitioner Grievance Committee regarding the respondent's conduct, sending a copy of that letter to the respondent. The respondent then telephoned the attorney and informed him that the estate would be settled shortly. The beneficiaries' attorney later wrote to the respondent, but no response was received. The respondent has still not settled this small estate despite the passage of more than 10 years. As a result of the respondent's neglect, the moneys in the bank accounts were transferred to the State of New York in 1982 and 1983, respectively.

In May 1984 the respondent, using his own funds, sent $1,200 to the beneficiaries, and on August 10, 1988, the day of the hearing of this disciplinary matter, he sent a check for $4,468.96 to the beneficiaries' attorney to satisfy the balance due on the estate, including interest.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the charge of misconduct. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline, this court is cognizant of the respondent's attempts to alleviate the harm and inconvenience to the beneficiaries of the estate. Nevertheless, the respondent is suspended from the practice of law for a period of two years commencing December 1, 1989, and continuing until further order of this court.

MOLLEN, P. J., MANGANO, BRACKEN, BROWN and KUNZEMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is suspended from the practice of law for a period of two years, commencing December 1, 1989, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of that period of two years upon furnishing satisfactory proof (a) that during that period he has actually refrained from practicing law or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Joseph Meehan is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.